**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Magdaleno Vazquez**, <br><br> Plaintiff, <br><br> vs. <br><br> **Custom Image Pros LLC**, an Arizona limited liability company; **Timothy Simpson and Jane Doe Simpson**, a married couple, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Magdaleno Vazquez ("Plaintiff"), sues the Defendants, Custom Image Pros LLC and Timothy Simpson and Jane Doe Simpson ("Defendants" or "Custom Image Pros") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona

Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") § 23-362, et seq. and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. <u>See</u> 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. <u>See</u> 29 U.S.C § 207.

3. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

6. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

7. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

10. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

11. At all material times, Defendant Custom Image Pros LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Custom Image Pros LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

12. At all relevant times, Defendant Custom Image Pros LLC owned and operated as "Custom Image Pros," which, according to its website, is an "all inclusive

image marketing, design & production company located in Phoenix, AZ." https://customimagepros.com/about/ (last visited February 25, 2023).

13. Under the FLSA, Defendant Custom Image Pros LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Custom Image Pros LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Custom Image Pros' employees, Defendant Custom Image Pros LLC is subject to liability under the FLSA.

14. Defendants Timothy Simpson and Jane Doe Simpson are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Timothy Simpson and Jane Doe Simpson are owners or managers of Custom Image Pros and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

15. Under the FLSA, Defendants Timothy Simpson and Jane Doe Simpson are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Timothy Simpson and Jane Doe Simpson had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in

connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to Custom Image Pros' employees, Defendants Timothy Simpson and Jane Doe Simpson are subject to individual liability under the FLSA.

16. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

17. Defendants, and each of them, are sued in both their individual and corporate capacities.

18. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

19. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

22. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

23. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

24. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

25. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

26. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

27. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

28. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

29. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

30. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

31. Defendants own and/or operate as Custom Image Pros, an enterprise doing business in Maricopa County, Arizona.

32. Custom Image Pros is an enterprise that is an image marketing, design & production company located in Phoenix, AZ.

33. On or around February 1, 2023, Plaintiff began working for Defendants as a manual laborer.

34. At all relevant times, Plaintiff's primary duties included making luminous letters for signs, putting lights on letters, and assembling letters for signs.

35. Plaintiff was supposed to be compensated at an hourly rate of $18 throughout his employment with Defendants.

36. Plaintiff, in his work for Defendants, was assigned the same hourly rate of pay, regardless of the number of hours he worked in a given workweek.

37. Plaintiff, in his work for Defendants, was assigned the same hourly rate of pay, regardless of the number of hours he worked in a given workweek, and regardless of whether he worked in excess of 40 hours in a given workweek.

38. Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

39. Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

40. Defendants controlled Plaintiff's schedules.

41. At all relevant times, Plaintiff was economically dependent on Defendants.

42. The following further demonstrate that Plaintiff was an employee:

    a. Defendants had the exclusive right to hire and fire Plaintiff;

    b. Defendants made the decision not to pay overtime to Plaintiff;

    c. Defendants supervised Plaintiff and subjected him to Defendants' rules;

    d. Plaintiff had no opportunity for profit or loss in the business;

    e. The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

   f. Plaintiff had no right to refuse work assigned to him by Defendants;

   g. On information and belief, Defendants did not allow Plaintiff to work for other companies.

43. Plaintiff worked for Defendants until approximately February 8, 2023.

44. On or about February 8, 2023, Plaintiff discontinued his employment for nonpayment of wages by Defendants.

45. In his sole workweek working for Defendants, Plaintiff worked approximately 45 hours.

46. In his sole workweek working for Defendants, Defendants paid Plaintiff no wages whatsoever for the time he worked for them.

47. Defendants paid Plaintiff no wages whatsoever for the entire duration of his employment.

48. The final day of Plaintiff's employment was supposed to be his first payday.

49. On that day, Plaintiff asked Defendant Timothy Simpson when he would receive his paycheck for the approximately 45 hours he had worked that week.

50. In response, Defendant Timothy Simpson stated that Plaintiff would not be receiving pay for the approximately 45 hours of work he had performed for Defendants that week.

51. As a result of Defendant Timothy Simpson's statement that Plaintiff would not be paid for the work he performed, Plaintiff discontinued his work for Defendants.

52. Defendants did not pay Plaintiff any wages despite that conversation.

53. To date, Defendants still have paid no wages due and owing to Plaintiff.

54. During Plaintiff's employment with Defendants, Plaintiff worked approximately 45 hours in his sole workweek.

55. Defendants failed to compensate Plaintiff any wages whatsoever for the entire duration of his employment with Defendants.

56. As a result of failing to pay Plaintiff any wages whatsoever for his entire employment, Defendants failed to compensate Plaintiff at least the statutory minimum wage for all hours worked throughout his employment.

57. As a result of Defendants' willful failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

58. As a result of Defendants' willful failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

59. As a result of Defendants' failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

60. Plaintiff worked with knowledge of Defendants, and at Defendants' request, in excess of 40 hours in his sole workweek during his employment with Defendants.

61. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time spent working in excess of 40 hours in his sole workweek of employment with Defendants.

62. As a result, Plaintiff worked in excess of 40 hours in his sole workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

63. Plaintiff was not a manager in his work for Defendants.

64. Plaintiff did not have supervisory authority over any employees in his work for Defendants.

65. Plaintiff did not possess the authority to hire or fire employees in his work for Defendants.

66. Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employee in his work for Defendants.

67. Plaintiff did not direct the work of two or more employees in his work for Defendants.

68. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in his work for Defendants.

69. Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise in his work for Defendants.

70. At all relevant times, in his work for Defendants Plaintiff was a non-exempt employee.

71. Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

72. Defendants' willful failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

73. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

74. Plaintiff is a covered employee within the meaning of the Arizona Minimum Wage Act.

75. At all relevant times, Plaintiff was a non-exempt employee.

76. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

77. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

78. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

79. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

80. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

81. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

82. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

84. In his sole workweek of employment with Defendants, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

85. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in his sole workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate, in violation of 29 U.S.C. § 207.

86. As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

87. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

88. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants in excess of 40 hours in his sole workweek.

89. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Magdaleno Vazquez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

90. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91. As a result of failing to compensate Plaintiff any wages whatsoever for the sole workweek of his employment with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

92. As a result of Defendants' failure to pay Plaintiff any wage whatsoever for such time worked, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 206.

93. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

94. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Magdaleno Vazquez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

95. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

96. As a result of failing to compensate Plaintiff any wages whatsoever for his entire employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

97. As a result of failing to compensate Plaintiff any wages whatsoever for his entire employment with Defendants, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for the duration of his employment, in violation of A.R.S. § 23-363.

98. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

99. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Magdaleno Vazquez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT FOUR: ARIZONA WAGE ACT
### FAILURE TO PAY WAGES DUE AND OWING
### DEFENDANT CUSTOM IMAGE PROS LLC ONLY

100. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

101. As a result of the allegations contained herein, Defendant Custom Image Pros LLC did not compensate Plaintiff wages due and owing to him.

102. Defendant Custom Image Pros LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

103. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by Defendant Custom Image Pros LLC.

104. Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Magdaleno Vazquez, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Custom Image Pros LLC:

A. For the Court to declare and find that the Defendant Custom Image Pros LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 25th day of February 2023.

           BENDAU & BENDAU PLLC

           By: /s/ *Clifford P. Bendau, II*
           Christopher J. Bendau
           Clifford P. Bendau, II
           *Attorneys for Plaintiff*

## VERIFICATION

Plaintiff, Magdaleno Vazquez, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

_____
Magdaleno Vázquez (Feb 25, 2023 10:53 MST)
Magdaleno Vazquez